Our fifth case for this morning is Yuri Paryev v. v. v. Loretta E. Lynch. May it please the Court, my name is Sarah-Elizabeth Dill and I represent Yuri and Melinda Paryev who are present before the Court today. This case involves a question of whether the Board of Immigration Appeals erred as a matter of law when it engaged in improper fact-finding on a motion to reopen and remand the case to the Immigration Court. In this case, Mr. Paryev's U.S. citizen wife was pregnant with twins at the time of the individual case. But don't you have a serious jurisdictional issue that you want review of the exercise of discretion by the Immigration Service, the Immigration Court, and isn't there by statute and decisions no judicial review of those discretionary determinations? Your Honor, while the government has asserted that, as it often does in rote fashion in these cases, we are not asking this Court to review a discretionary determination. What we're asking is that there is a ruling by the Board of Immigration Appeals, who under its own precedent in Fedorenko, it is not to create a record, it is to review a record. And in this case, the Board did not review a record because the immigration judge never had the opportunity to hear testimony or review evidence as to the existence of the twin U.S. citizen children or the country conditions in Russia that all impact the exercise of discretion. The problem is that the Board, under 1003.2d, is not allowed, or excuse me, 1003.1d, the Board is not allowed to engage in fact-finding. Once an alien meets a threshold showing that there is material relevant and previously unavailable evidence that goes to the heart of his claim, the Board's purpose at that point is to remand the case to the immigration judge for fact-finding. The Board is not to engage in fact-finding at that purpose. It's not the point. If that was the focus, then why would we have immigration courts? Why would we have a process where testimony is taken and evidence is presented? And there's precedent, both in the Board and before this circuit, that states that this is a matter of law, this is a procedural issue, and it involves Mr. Paryuk's statutory and regulatory right to present evidence in support of his claim. Well, what we have before us, just to be clear, is the Board's denial of his motion to reopen, right? Correct. So, the Board earlier, about six months before that, had looked at the supplemental information in a motion and treated it as a motion to remand, which it denies, but we don't have the denial of the motion to remand before us. Actually, Your Honor, in Mr. Paryuk's second motion to the court, we did ask for remand to the immigration court and state that remand was appropriate because the Board cannot engage in... But wait a minute. No. But you have to file different notices of appeal. My understanding is that the petition for review that you are attempting to bring before us is from the October 2014 denial of the motion to reopen, and that there was no petition for review filed from the April 2014 denial of what it understood to be a motion to remand. But in the October decision, which is at pages three to five of the record, the Board does address that it's declining to remand the decision, once again in the case, and stating that the petitioner had not met his burden of a threshold showing for remand. In doing so, that was... Well, in the context of saying we're not going to let you reopen, now, I don't see this. Here's the October 31st decision. It's titled Application Reopening. The respondent moves the Board to reopen his removal proceedings in remand. Well, that's just consequent to the reopening. The Board isn't going to keep it itself, so they deny the motion because they don't see that this is new, previously unavailable evidence, et cetera, et cetera, and they're not persuaded that reopening is necessary because of the equities. So, if that's what's before us, that's what's before us, and it's a discretionary call. The problem with that, Your Honor, though, is that it is not within the Board's province to make findings of fact. What finding of fact did it make in this? I'm looking at it. Tell me it's finding of fact. The important information in this case is the fact that there were two children, essentially... Yes, but the immigration judge, in denying relief, was aware of the twins. No, he was not, Your Honor. On the day of the individual hearing, Mrs. Paryuk was pregnant, but she did not yet know it. There was never any evidence or testimony presented to the immigration judge as to the existence of two children. No, but I thought the Board, though, in the earlier round, so to speak, there's supplemental information about the son's birth in the April 2014 thing that is not before us, and that's why in October, the Board says, we already knew about the twins. They say the twins' evidence wasn't presented in the February 7, 2012 hearing. The Board applied de novo review to the appeal and fully considered the positive equities, including the twin sons, during the pendency of the appeal. They're saying, we nevertheless held that the criminal history, et cetera, et cetera, outweighed the positive equities, so the Board is saying in the decision that is before us that they've already once factored in, you know, these points that Mr. Paryuk is making. But again, Your Honor, under the statutes, under the regulations, under Fedorenko, that was improper for the Board to do that. The Board cannot conduct a de novo review of evidence that the immigration judge never made findings of fact on in the first place. Is there a contest that he has twin sons? That's the point, that on that basis- No, I mean, no one's saying that he's not the father of twin sons, that boys don't exist, you know, or anything. How those impact the weighing of factors, immigration regulations, case law precedent, when it goes past the prima facie statutory eligibility into the arena of a discretionary decision, children, their lives, their upbringing, country conditions, all of those are factors that must be considered, and decisions made by- Well, actually, the Board makes a legal point about the country conditions because it says the argument's without merit because he's not seeking reopening in order to pursue a claim for asylum. So it's saying that's not legally relevant. That's a misstatement of the law. It's another aspect in which the Board erred. Country conditions, when a parent is facing removal, are something that the immigration courts are to consider as they impact the qualifying relatives, in this case, Mr. Paryov's U.S. citizen wife and his two U.S. citizen children. And those conditions, how they would impact the children, their education, their health, their upbringing, were never considered. There were no facts found by the immigration court as to those. And so for the Board to say- So the purpose was not to try to create an asylum claim, but it was that information, the country conditions, were supposed to be utilized in the context of the children. Correct, Your Honor. And that was never considered by the immigration court. But now, he didn't appeal the Board's review of the immigration judge's decision where the Board took account of the new evidence about the children. Didn't appeal that, right? What we have appealed from the Board is that the improper- No, no, but that ruling by the Board was not appealed. The first ruling? I don't know if it's- The ruling which affirmed the immigration judge's decision. What the Board did in its two rulings, its second ruling, as in its first, it went into a very detailed analysis. It stated it was conducting de novo review. Yes, but he didn't appeal that. Instead, he asked for, he filed a, essentially, a motion for rehearing with the Board, right? The motion to reopen and motion for reconsideration, which was also titled a motion to remand, was filed- But he did, the point is, he did not appeal to the court, to us, the Board's turndown of his application. At that juncture, no, Your Honor. We felt that the Board had erred in its first opinion, that the case presented to the Board had not included all of the relevant case law and arguments that should have been made. And so, rather than pursue a federal petition for review, the decision was made to reconsider with the Board. But the problem is, if you ask for rehearing, and the rehearing is denied, and then your appeal is for the denial of the rehearing, and isn't that a hard row to hoe? You say that they shouldn't have, that they were required to give you a rehearing. In this case, no, Your Honor. Given the decision that the Board made in this case, and given that it failed to follow its precedent on a number of grounds, that is an error of law, and we'd request that the case be remanded for additional proceedings before the Immigration Court to protect Mr. Pario's statutory right in that regard. Yeah, but don't you agree that the appeal should have been filed after that April 2014 ruling? That would have been the proper time to file the appeal? Your Honor, we could have filed— Because you said there was a judgment call that was made. There was, Your Honor. Right. And so, we're trying to get at this April 2014, because that's what it emanated from. And then, of course, I understand there's a reconsideration, but this underlying 2014, that's where the appeal should have been filed. In some circumstances, yes. In this case, there were issues that were not raised before the Board at that juncture. But at that juncture, it was raised before the Board. The children, the two children had been born. The financial and emotional support of the wife, that was in the record. I understand it hadn't been before the administrative judge, but that was in the record, and it should have been appealed. There were legal arguments that were not made at that juncture before the Board of Immigration Appeals, and the initial basis that the appeal was filed on was actually something completely unrelated to anything the immigration judge had decided in the case. And that was why the determination was made that there were issues of law that should have been considered by the Board of Immigration Appeals at that juncture. See, the problem is that when you're reviewing a petition for—a denial of a petition for hearing, the issue isn't whether—isn't the underlying validity of the appellant's claim. The issue is, did the Board exceed its power in saying, we don't want to hear this again? And a court could say, well, you know, maybe you should have, and so on, but you'd heard it before, and we think you acted within your discretion in saying it wouldn't make any difference to your result. In this case, we submit that the Board did not act within its authority and its power. In fact, it exceeded it, and it disregarded clear precedent as to what its role was at that juncture in the proceedings. Well, then the failure to appeal the Board's affirmance of the immigration judge is really puzzling. But those arguments were not presented by prior counsel in the initial appeal and motion before the Board. All right. Thank you very much. Ms. Morgan. Good morning, Your Honors. May it please the Court, I'm Carmel Morgan on behalf of the respondent, the U.S. Attorney General. I think that— So let me ask you a question, Ms. Morgan, about this April thing, but it's really a question about statutory structure. So what the Board tells us in the April 7, 2014 decision, toward the bottom of the first page, it says, during the pendency of his appeal, which I assume is the appeal from the immigration judge's February decision denying the application for adjustment of status. During the pendency of his appeal, the respondent has twice supplemented the record with evidence of additional equities. We will treat the supplemental filings as a motion to remand, and we will deny the motion because the supplemental evidence does not establish that he's prima facie eligible for an exercise of discretion, and it goes on, you know, to describe, you know, it's the wife's issue and the nursing degree and all the rest of those things. So maybe I'm slightly mischaracterizing what Ms. Dill has said, maybe not, but the Board has taken a look at this material and the supplemental filings, and it has made enough of an evaluation of that material to decide whether it would make a difference to the entitlement to adjustment of status. So in that sense, the Board has made its own finding about that evidence. Is there anything wrong with that under the structure of the immigration laws? The government's position is no, there isn't anything wrong with that, but the more important point is that the petitioner didn't appeal this April 2014 decision. No, I understand, but she's making this, like, big point that the Board is making a legal mistake when it thinks it can evaluate evidence on its own as opposed to sitting as a review tribunal over what the immigration judge has done. And I'm looking just, for instance, at this April 7, 2014 decision, I could also look at the October 2014 decision, and you see the Board in both of them making its own evaluation of the evidence for certain purposes, and I want to know whether you agree that this is inappropriate and the Board simply has to say, well, there's new evidence, we have to send it back. The government's position is it's perfectly appropriate. The important thing to pay attention to here is the procedural posture of the case. It's no longer before an immigration judge. This is on a motion to reopen. On a motion... Yes, no, I think the critical question is, when the Board declined to grant relief, knowing about the twins, did it accept, as its premise, all the evidence that Koryaev wanted to introduce? Because if it did, if it said, yeah, okay, everything to do with twins and everything and conditions in Russia and what have you, we accept that as true. Not that we think, not that we are ruling it as true, we just accept it as true. Because even if everything you've said is true, we still think your criminal past outweighs it. Is that what the Board did? That's exactly what the Board did, Your Honor. In the April decision. Yeah, that's how I read it, actually. That's because this language that they have where they say, we further recognize the respondent provides financial and emotional support, when they use language like, nevertheless, the positive equity is identified in the record, that's accepting that evidence. It's the Board's role in a motion to reopen, unless they have a reason not to find the petitioner credible, to take everything he says is true. And they did so, both in the April 2014 decision and the October 2014 decision. So if they had done anything short of that, if they had said, we believe allegations one, two, three, and we don't believe that information four and five is reliable, and it had resolved at that, would that have been beyond the scope of adjudicating a motion to reopen or a motion to remand? Yeah. It's not the case here. It's a more difficult question. It's true that the Board isn't supposed to engage in fact-finding when there are disputed facts. So if the situation you're attempting to describe is one in which there were disputed facts, I do think it would have been appropriate to remand. It's just not the case here. I don't think there's anything here. Could they have remanded to get a read by the immigration judge on how the immigration judge weighed this evidence, since the immigration judge had seen the witnesses testify? They could have done that. That was within their power. I think they could have done that. I think it was reasonable that they chose not to, because that was also within their power to do. Taking everything that the petitioner said was true, the Board did have the power to reweigh the equities and did so, twice, actually. The jurisdictional issue is the real problem, I think, in this case. There is indeed a statute that prohibits the federal courts from reaching discretionary determinations, such as the denial of adjustment of status, unless there is an exception for colorable questions of law and constitutional claims. And it's the government's position that the petitioner raises no colorable questions of law or constitutional claims. The main point of the petitioner appears to be this issue about improper fact-finding. The Board didn't find facts improperly. What the Board did is it took the facts as established and it reweighed the equities, assuming all these new facts were in the balance somewhere, and it said that's not going to change things. That's correct, Your Honor. So, if that was a proper task for the Board and didn't need to get the input from the Board was required to consider the weighing of the equities itself as a fact, then I think that's the argument that your opponent is making, it needed to go back. I know of no statute, rule, or precedent that requires remand on a motion to reopen. The statute for motions to reopen specifically states that the motion to reopen must state new facts that will be proven at a hearing to be held if the motion to reopen is granted. So it takes into consideration that sometimes motions to reopen won't be granted. The petitioner doesn't directly challenge the finding in this October 2014 decision that she didn't present new material evidence that was previously unavailable. Clearly, the information about the twins was considered in April 2014. It's not new or previously unavailable. As far as the due process claims, there's very well-settled case law stating that there is no liberty or property interest in discretionary relief, such as adjustment of status. So had she appealed that April order and prevailed, it would have gone back to the immigration judge if the board said, we will send it back on this motion, because I think it was a motion to reopen. Wasn't that the motion for April? In April 2014, the board treated her supplement as a motion to remand, motion to reopen. So yes, had an appeal been filed then, and the board agreed, it would have gone back to the immigration judge, perhaps. Yes, I agree that that possibly could have been the result. And the fact that she didn't, that wasn't appealed then, the impact now on this current motion that was appealed, what is the impact? You can't reach those issues. I also disagree with the petitioner with respect to the fact that the petitioner seems to be saying he raised in the motion to reopen before the board in reference to its October 2014 decision legal error with regard to the April 2014 decision, and I don't read their motion to reopen as having done that. The motion to reopen seemed to be saying, one more time, we're presenting additional evidence. I didn't see it as presenting an attack on the April 2014 decision. And so this court can't reach that issue either. If there are no further questions, the government asks that you either dismiss or in the alternative deny the petition for review. All right. Thank you. Your time ran out and still, but I will give you one minute if you promise to stick to one minute. Just two very brief points. Mr. Paryev was never given his right to a full and fair hearing on the newly previously unavailable. Yeah, but I think what you're missing is that if he asserts, if he makes factual claims, presumably, you know, the best factual claims he can think of, and if an appellate court says, well, we're going to treat those as true, we're going to treat them as true. Even if everything you want to convince us or convince an IJ is true, nevertheless, we're not going to grant you, you know, allow you to remain in the United States. Then the board is just deciding an issue of law. It's not making any fact findings. Indeed, it's treating the applicant more favorably, in all likelihood, than if it remanded and have an immigration judge who might disbelieve the factual assertions. But there were facts that were never presented, because there was always... Well, that's his fault, right? If he can't think of any additional facts, right, he says the facts are X, Y, Z. And maybe if he'd thought about it more, he'd say, well, W, X, Y, Z. But as I say, you can always go on an appeal and say, you know, you think X, Y, Z, and the court might say, okay, even if all those facts are true that you're alleging, you don't have a claim. The point is, and under Fessihia versus Gonzales, out of this very court, he was not required to present his entire claim and every corollary fact that goes to the existence of his twin sons and how those impact the analysis. That's why there's a procedure to send it back for a full hearing on those issues and the development of those facts. Okay, thank you. Thank you very much. Thanks to both counsel. We'll take the case under review.